The STATE of Ohio, Appellee,

v.

REITZ, Appellant.

[Cite as *State v. Reitz* (1991), 74 Ohio App.3d 33.]

Court of Appeals of Ohio,
Summit County.

No. 14979.

Decided May 8, 1991.

*Lynn Slaby*, Prosecuting Attorney, for appellee.

*Lawrence J. Whitney*, for appellant.

CACIOPPO, Judge.

On January 2, 1990, the appellant, Richard E. Reitz, was sentenced to a definite term of two years and a mandatory fine of $2,500 for his plea of guilty to complicity to commit aggravated trafficking. Subsequently, Reitz was fined an additional $2,500 and sentenced concurrently with a federal sentence.

In November 1990, Reitz moved the trial court for an order suspending the fines. The trial court denied the motion. Reitz appeals, asserting two assignments of error. We affirm.

## Assignments of Error

"I. It is error for a trial court to deny a motion to suspend a mandatory fine simply because the motion is made subsequent to the date of sentencing and therefore denies a criminal defendant due process of law as guaranteed by Ohio Constitution 1; 16 and the U.S. Constitution, Amendment[s] V and XIV.

"II. An affidavit of indigency filed pursuant to Crim.R. 44(D) is sufficient for the purposes of R.C. 2925.03(L) and the trial court may suspend the payment of a mandatory fine based upon such affidavit; to deny such a

motion to suspend violates Ohio Constitution 1; 16 and U.S. Constitution Amend. V and XIV."

■ As these assignments of error are interrelated, they will be addressed together.

R.C. 2925.03(L) provides:

"No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges in an affidavit filed with the court prior to sentencing that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, if the court determines that the offender is an indigent person and is unable to pay the fine."  See, also, *State v. Brown* (June 6, 1990), Summit App. No. 14375, unreported, 1990 WL 77140.

The affidavit concerning Reitz's inability to pay the mandatory fine clearly was not filed prior to sentencing.  Accordingly, the trial court could properly refuse to suspend the fines pursuant to R.C. 2925.03(L) and the principles outlined in *Brown, supra.*

■ In his second assignment of error, Reitz contends that his affidavit for Crim.R. 44 purposes, to secure appointment of counsel, was sufficient to serve as an affidavit for the suspension of the fines.  There is a clear distinction between an affidavit of indigency for the appointment of counsel and an affidavit filed with the court prior to sentencing stating that the defendant is indigent and unable to pay the mandatory fine.  *Brown, supra.*  As such, separate affidavits must be filed for these purposes.

Accordingly, Reitz's assignments of error are without merit and are hereby overruled.  The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.