**The STATE of Ohio, Appellee,**

v.

**MAYS, Appellant.**

[Cite as *State v. Mays* (1994), 97 Ohio App.3d 406.]

Court of Appeals of Ohio,
Lorain County.

No. 94CA005854.

Decided Nov. 9, 1994.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Milasky,* Assistant Prosecuting Attorney, for appellee.

*Madison H. Mays, pro se.*

Cook, Judge.

Madison H. Mays ("Mays") appeals the trial court's denial of his motion to vacate or suspend payment of the mandatory fines imposed upon him. We affirm because the trial court did not abuse its discretion in denying Mays's motion when Mays did not file an affidavit of indigency until after sentencing.

In September 1993, Mays pled guilty to one count of aggravated drug trafficking, one count of possession of drug abuse paraphernalia, and two counts of drug abuse. As part of Mays's sentence, the trial court imposed the mandatory fines applicable to those offenses pursuant to R.C. 2925.03(H), 2925.14(G)(1), and 2925.11(E)(1). In March 1994, Mays moved to vacate or suspend payment of

those mandatory fines and filed an affidavit of indigency. The trial court denied the motion and Mays appealed.

### Assignment of Error

"The trial court abused its discretion when it denied exemption of mandatory fines without any consideration or making affirmative determination upon status of claimed indigency."

All of the statutes under which Mays was convicted contain identical language regarding the imposition of mandatory fines:

"No court shall impose a mandatory fine * * * upon an offender who alleges, in an affidavit filed with the court prior to his sentencing, that he is indigent and is unable to pay any mandatory fine imposed * * * if the court determines the offender is an indigent person and is unable to pay the fine." R.C. 2925.03(L), 2925.11(E)(5), and 2925.14(G)(5).

Mays did not file an affidavit of indigency in the trial court until three months after his sentencing. The decision whether to consider a request to waive a mandatory fine when an affidavit of indigency is not filed until after sentencing is a matter within the trial court's discretion. *State v. King* (Apr. 1, 1992), Summit App. No. 15340, unreported, at 5, 1992 WL 67586. The fact that the trial court denied Mays's motion does not evidence an abuse of that court's discretion. See *State v. Reitz* (1991), 74 Ohio App.3d 33, 35, 598 N.E.2d 34, 35. Moreover, Mays's affidavit failed to assert that he was unable to pay the mandatory fine in accordance with the foregoing statutory language. *State v. James* (Aug. 26, 1992), Lorain App. No. 91CA005257, unreported, at 4, 1992 WL 209367.

The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and QUILLIN, J., concur.