JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Edward Miller, appeals from the fines imposed by the common pleas court after he plead guilty to one count of drug possession. After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} On January 23, 2004, appellant was indicted by the Cuyahoga County Grand Jury on two counts of drug possession, in violation of R.C. 2925.11 (each count for various amounts of narcotics); two counts of drug trafficking, in violation of R.C.2925.03 (each count for various amount of narcotics and both counts containing a schoolyard specification); and one count of possessing criminal tools, in violation of R.C. 2923.24, to wit: a digital scale, miscellaneous drug paraphernalia, baggies, cellular phones, personal papers, and U.S. currency in an amount of $9,100. The state filed a motion for forfeiture of these criminal tools.
 {¶ 3} This indictment stemmed from appellant's arrest for selling drugs out of a residence in close proximity to a school. On April 26, 2004, appellant entered into a plea agreement and pleaded guilty to one count of drug possession, a felony of the first degree carrying a mandatory three-year prison sentence and a minimum fine of $10,000. Appellant also agreed to forfeit the items contained in the state's motion for forfeiture, including the $9,100. In exchange for appellant's plea, the state dismissed the remaining counts in the indictment. The trial court accepted appellant's plea and found him guilty of drug possession.
 {¶ 4} On May 20, 2004, the trial court sentenced appellant to the mandatory minimum of three years in prison, a term of post-release control, a mandatory fine of $10,000, a discretionary fine of $5,000, and a driver's license suspension for a period of five years. The trial court further ordered that appellant's fines would be deferred until after he had served his prison term.
 {¶ 5} On August 24, 2004, appellant filed a pro se motion to vacate the fines. He included an accounting of his assets from the Cashier's Office of the Lake Erie Correctional Institution and a signed affidavit averring that he was indigent and could not pay the fines. On September 21, 2004, the trial court denied the motion without a hearing.
 {¶ 6} Appellant appeals the imposition of fines asserting two assignments of error:
 {¶ 7} "I. The trial court denied Edward Miller of his property without due process of law when it denied his motion to vacate both the mandatory and the discretionary fines imposed on him."
 {¶ 8} Appellant argues that the trial court erred in not vacating the fines after he filed an affidavit of indigency. R.C.2925.11 directs a trial court to impose all mandatory fines specified for a particular crime, unless the court determines that the defendant is indigent. For the court to find a defendant indigent, an affidavit of indigency must be filed in accordance with R.C. 2929.18(B)(1), which reads as follows:
 {¶ 9} "* * * If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division the court shall not impose the mandatory fine imposed upon the offender." Id. (Emphasis added.)
 {¶ 10} It is clear from the record that appellant did not file the motion to vacate his fines, containing his affidavit of indigency, until well after sentence had been imposed. In Statev. Knox (1996), 115 Ohio App.3d 313, the court maintained that "[t]o avoid the imposition of a mandatory fine * * * a separate affidavit of indigency must be filed prior to sentencing. Statev. Pendleton (1995), 104 Ohio App.3d 785, 788, 663 N.E.2d 395;State v. Reitz (1991), 74 Ohio App.3d 33, 598 N.E.2d 34." Id. at 317. "The fact that no affidavit of indigency was filed * * * is sufficient, alone, to find that the trial court did not err by imposing the mandatory fine." Id.
 {¶ 11} The trial court did not err in imposing fines upon appellant at sentencing. Nor did the trial court err in denying appellant's motion to vacate fines, which was filed after sentencing. "The decision whether to consider a request to waive a mandatory fine when an affidavit of indigency is not filed until after sentencing is a matter within the trial court's discretion. The fact that a trial court denied a defendant's motion does not evidence an abuse of that court's discretion."State v. Mays (1994), 97 Ohio App.3d 406, syllabus. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 12} Nothing in the record leads this court to find that the lower court abused its discretion in denying appellant's motion. Appellant did not meet the statutory requirements necessary to avoid the imposition of fines prior to sentencing. Nor did the trial court abuse its discretion in denying appellant's post-sentence motion to vacate those fines. Appellant's first assignment of error is overruled.
 {¶ 13} "II. Edward Miller was deprived of his constitutional right to effective assistance of counsel when trial counsel failed to file an affidavit of indigency before the trial court imposed sentence on him."
 {¶ 14} In order to substantiate a claim of ineffective assistance of counsel, appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
 {¶ 15} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
 {¶ 16} In State v. Bradley (1989), 42 Ohio St.3d 136, the Ohio Supreme Court held:
 {¶ 17} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle
(1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington
(1984), 466 U.S. 668, stating;
 {¶ 18} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981).'"Strickland, supra, at 691. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland, supra, at 694.
 {¶ 19} Appellant argues that he was not afforded effective representation because his counsel failed to file an affidavit of indigency prior to his sentencing. The Ohio Supreme Court, however, has held that even if an affidavit of indigency is timely and properly filed, a defendant "is not automatically entitled to waiver of that fine." State v. Gipson (1998),80 Ohio St.3d 626, 634. There must be a showing that a defendant is unable to pay the fines, and there is no affirmative duty on the trial court to make a finding that a defendant is able to pay. Id., see syllabus.
 {¶ 20} Even assuming that appellant's counsel was deficient in failing to file an affidavit prior to sentencing, appellant has not established reversible error. The failure to file an affidavit of indigency prior to sentencing constitutes ineffective assistance of counsel only if the record demonstrates a reasonable probability that the court would have found appellant indigent and would have waived his fines had the affidavit been filed. State v. Frazier, Hancock App. No. 5-04-57, 2005-Ohio-3515.
 {¶ 21} The record here is insufficient to establish a "reasonable probability" that the trial court would have found appellant indigent had counsel filed an affidavit prior to sentencing. The post-sentence affidavit filed by appellant is self-serving, and his accounting of assets from a correctional facility is not comprehensive. There is also evidence in the record contrary to appellant's claim of indigency. It was established at sentencing that appellant received approximately $2,000 in liquidated assets from a recently terminated business enterprise; that appellant had been selling drugs for about a year and a half and had received an unknown amount of money; and that appellant owed a 1993 Pontiac Grand Prix. It is also evident that appellant had sufficient funds to retain counsel at trial and to secure $10,000 in order to post bond.
 {¶ 22} While these facts are not dispositive to find that appellant is not indigent, it does demonstrate that appellant has not presented sufficient evidence for this court to find a reasonable probability that the trial court would have found him indigent. We cannot conclude from the record that a reasonable probability exists that appellant's fines would have been waived but for counsel's failure to file an indigency affidavit prior to sentencing, and appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Corrigan, J., concur.