[Cite as *State v. Davis*, 2017-Ohio-8222.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104574**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL MARBUERY DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582057-B, CR-14-586437-A, CR-14-586870-A
CR-14-587857-B, CR-14-590819-B, and CR-15-596537-A

**BEFORE:** Kilbane, J., Keough, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 19, 2017

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue - Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Frank Romeo Zeleznikar
Marc Bullard
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Michael Marbuery Davis ("Marbuery Davis"), appeals the trial court's denial of his motion to withdraw his guilty plea and his sentence for drug trafficking, possessing criminal tools, drug possession, attempted drug possession, and endangering children. For the reasons set forth below, we affirm.

**{¶2}** Between February 2014 and June 2015, Marbuery Davis was indicted in six cases for various drug trafficking related offenses. These cases proceeded before the same judge in the common pleas court. In April 2016, a pretrial was held and the state's plea offer to Marbuery Davis in each of the six cases were placed on the record. The state set forth the terms of each offer and the trial court advised Marbuery Davis that, based upon the plea offer, he would be facing a prison term anywhere from a minimum of 3 years to a maximum of 39 years. The trial court explained to Marbuery Davis that it does not discuss with the state or the defense its views on a defendant's sentence prior to sentencing. The matter was then continued so that Marbuery Davis could be evaluated by the court psychiatric clinic.

**{¶3}** In May 2016, Marbuery Davis entered guilty pleas to numerous felony counts spanning the six cases. Before accepting Marbuery Davis's plea, the trial court explained on the record that the court psychiatrist had evaluated Marbuery Davis and determined that he was capable of understanding the nature of the proceedings against him. The trial court questioned Marbuery Davis:

THE COURT:　　　Are you satisfied with the representation that you have received from [your attorney]?

[DEFENDANT]:　Yes.

**{¶4}**　The trial court engaged in the Crim.R. 11 plea colloquy with Marbuery Davis.　This exchange included, in relevant part:

THE COURT:　　　All right. Now, two more questions, then we can take your plea. Have any threats been made to you to change your plea?

[DEFENDANT]:　No, your Honor.

THE COURT:　　　Have there been any promises made to you to get you to change your plea?

[DEFENDANT]:　No, your Honor.

**{¶5}** The trial court accepted Marbuery Davis's guilty pleas to eight counts of drug trafficking, four counts of possessing criminals tools, one count of endangering children, one count of attempted drug possession, and one count of drug possession.[1]

**{¶6}**　The trial court proceeded directly to sentencing.　Prior to imposing a sentence, the trial court gave Marbuery Davis the opportunity to present any mitigating information on his own behalf.　Marbuery Davis reiterated his guilt, stating:

Well, your Honor, I would like to say I'm guilty as charged * * * I'm ready and willing to accept my consequences.

**{¶7}**　The trial court sentenced Marbuery Davis to an aggregate prison term of 22 years and imposed mandatory fines on the applicable trafficking counts under R.C.

---

[1] One of the eight drug trafficking counts to which Marbuery Davis pleaded guilty included a one-year firearm specification.

2929.18(B)(1), as well as court costs.  Immediately upon hearing this sentence, Marbuery Davis requested his court-appointed attorney to move to withdraw the guilty pleas.  The trial court gave Marbuery Davis the opportunity to address his request to withdraw his plea.  Marbuery Davis told the trial court that his attorney had promised him that if he pleaded guilty he would receive only a three-year sentence.  The state and Marbuery Davis's defense attorney reiterated to the trial court that there had been no agreed sentence and Marbuery Davis's defense attorney advised the trial court that he had not made any promises to Marbuery Davis.  When further questioned by the trial court, Marbuery Davis alleged that he wasn't provided any discovery and denied that he was guilty of all the crimes to which he had just pleaded guilty.  The trial court denied Marbuery Davis's motion to withdraw the guilty pleas, noting that he had answered negatively when questioned if any threats or promises had been made to him to induce his plea and had not mentioned any of these allegations prior to being sentenced.

{¶8}   The trial court then continued with sentencing.  The trial court denied defense counsel's motion to waive fines and court costs, stating that no affidavit of indigence had been filed prior to sentencing.  The trial court appointed appellate counsel and concluded the hearing.

{¶9}   On May 20, 2016, Marbuery Davis filed a pro se motion to withdraw his guilty plea, renewing his allegation that his attorney had promised he would receive a three-year sentence and further alleging that counsel had not allowed him to see discovery

that had been designated "counsel only." The trial court filed its sentencing entry on May 23, 2016. It is from this sentencing entry that Marbuery Davis appeals.

{¶10} On May 27, 2016, the trial court set a hearing on Marbuery Davis's pro se motion to withdraw his guilty plea and assigned him new counsel for purposes of that hearing. The hearing was held on June 22, 2016. Because of scheduling and the need to obtain evidence, the court continued the hearing to August 3, 2016, and ultimately concluded the hearing on October 5, 2016. Over the course of these hearings, the court heard testimony from Marbuery Davis, his girlfriend, Michelle Westover ("Westover"), and his former defense attorney. Westover often contacted Marbuery Davis's attorney by phone and text message and acted as an intermediary between Marbuery Davis and his attorney. For purposes of his former attorney's testimony, Marbuery Davis waived attorney-client privilege.

{¶11} At the hearing, Marbuery Davis and Westover testified that the attorney had told them Marbuery Davis would get three years in an "off the record" deal with the state. Westover testified that, although she was not certain, she recalled her text messages with the attorney containing a promise of a three-year sentence. She explained that she could no longer recover these text messages because the phone on which she received them had broken, causing its memory to be erased.

{¶12} The attorney testified that not long after being appointed to represent Marbuery Davis, he had presented to both his client and Westover what he understood to be a plea offer from the state that included a term of incarceration for all six cases "as low

as three years." He further testified that this offer "didn't sit quite right with [him]," so he requested the offer be put on the record so that "everybody [would be] on the same page." The attorney testified that he made no promises that Marbuery Davis would receive a three-year sentence to either Marbuery Davis or Westover. He testified that he explained to both Marbuery Davis and Westover that sentencing was within the court's discretion, and he did not know how the court would ultimately sentence Marbuery Davis. Upon the trial court's request, the attorney produced his text messages with Westover. These text messages were consistent with his testimony that he never made any promise of a three-year sentence to Westover.

{¶13} The attorney also denied that he had kept discovery from Marbuery Davis. He explained that, based upon his understanding of the "counsel only" designation, he could not provide the discovery to his client, but rather had to describe the contents of the discovery to him. Marbuery Davis acknowledged that his attorney did discuss the state's discovery with him.

{¶14} On February 7, 2017, the trial court, construing Marbuery Davis's motion to withdraw as a petition for postconviction relief, filed a "[n]otice * * * pursuant to [App.R. 6(A)]" with this court advising that it had determined that grounds existed to hold a hearing to determine if the court should grant Marbuery Davis's motion to withdraw his guilty plea. The trial court further advised that it became aware of the present appeal only after reviewing the docket in preparing its journal entry and opinion for Marbuery Davis's motion to withdraw his guilty plea. In this notice, the trial court explained that it

would not file its ruling on the motion to withdraw until it received a response from this court.

{¶15} On March 15, 2017, we remanded this matter to the trial court pursuant to App.R. 6(A), which states:

> Whenever a trial court and an appellate court are exercising concurrent jurisdiction to review a judgment of conviction, and the trial court files a written determination that grounds exist for granting a petition for post-conviction relief, the trial court shall notify the parties and the appellate court of that determination. On such notification, or pursuant to a party's motion in the court of appeals, the appellate court may remand the case to the trial court.

{¶16} Following our remand, the trial court denied Marbuery Davis's motion to withdraw his guilty pleas. In May 2017, Marbuery Davis moved to supplement the record to include the trial court's denial of his pro se motion to withdraw his guilty pleas. We granted Marbuery Davis's motion to supplement the record and ordered that he amend his appeal. We also granted the state's request to reopen briefing on these issues.

{¶17} Marbuery Davis raises the following assignment of error in both his initial and supplemental briefs:

### Assignment of Error One

The trial court erred in not allowing [Marbuery Davis] to withdraw his guilty plea.

{¶18} Marbuery Davis raises the following assignments of error in his initial brief:

### Assignment of Error Two

The trial court erred by ordering [Marbuery Davis] to serve a consecutive

sentence without making the appropriate findings required by R.C. 2929.14 and H.B. 86.

## Assignment of Error Three

[Marbuery Davis's] sentence is contrary to law because the trial court failed to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11 and R.C. 2929.12.

## Assignment of Error Four

The trial court erred by ordering [Marbuery Davis] to pay costs when it did not properly comply with the statute.

## Assignment of Error Five

The court costs imposed at the sentencing hearing infringe upon [Marbuery Davis's] rights under the Eighth and Fourteenth Amendments to the United States Constitution, R.C. 2929.18, [R.C. 2925.19(B)(5)], R.C. 2947.14, and related sections of the Ohio Constitution.

## Assignment of Error Six

[Marbuery Davis] was denied effective assistance of counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments [to the United States Constitution].

## Motion to Withdraw Guilty Plea

{¶19} In the first assignment of error in his initial brief, Marbuery Davis argues that the trial court erred in denying his oral motion to withdraw his guilty plea at sentencing. In his supplemental brief, Marbuery Davis again raises this assignment of error as it relates to the trial court's denial of his subsequent pro se motion to withdraw his guilty plea. For ease of analysis, we will consider these assignments of error together.

{¶20} Ohio Crim.R. 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶21} We review a trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "'The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). A Crim.R. 32.1 motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 263, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶22} A presentence motion to withdraw a guilty plea should be freely and liberally granted. *Xie* at 527. Crim.R. 32.1 provides that a "manifest injustice" standard is used to evaluate a postsentence motion to withdraw a guilty plea. *Id*. at 526. A "manifest injustice" has been defined as a "clear or openly unjust act." *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).

{¶23} Marbuery Davis argues that because the trial court had not yet informed him of postrelease control when he first moved to withdraw his guilty plea "it cannot be

argued by the [state] that [his oral motion to withdraw his guilty plea] was made after the sentencing," and that we should apply the more lenient standard of a presentence motion to withdraw a guilty plea. However, Ohio courts have held that a motion made after a defendant has learned of the imminent sentence is considered to be made postsentence. *State v. McComb*, 2d Dist. Montgomery No. 22570, 2009-Ohio-295, ¶ 7; *see also State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 25 (collecting cases). The distinction in Crim.R. 32.1 between motions made pre- and postsentence

> "rests upon the practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe."

*Id*., quoting *Kadwell v. U.S.*, 315 F.2d 667, 670 (9th Cir.1963).

**{¶24}** Therefore, we review the trial court's denial of both of Marbuery Davis's motions to withdraw his guilty plea under a "manifest injustice" standard. We find that at both junctures, the trial court made full inquiry into Marbuery Davis's allegations and, after ultimately conducting a hearing on the motion, found that his allegations were not credible and not supported by the evidence.

**{¶25}** This court has found that a valid reason supporting the withdrawal of a guilty plea may be that the defendant was coerced into pleading guilty by the state, the court, or defense counsel. *State v. Thomas*, 8th Dist. Cuyahoga No. 85294, 2005-Ohio-4145, ¶ 5. However, to make such a claim, an appellant must submit

supporting material containing evidence that the guilty plea was induced by false promises. *Id.*, citing *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).

{¶26} Marbuery Davis alleged that his defense counsel promised him that he would receive a three-year prison sentence if he pled guilty. He further alleged that defense counsel refused to share discovery with him. Defense counsel denied these allegations. Marbuery Davis did not supply any evidence that his guilty plea was induced by false promises apart from his own testimony and the testimony of his girlfriend, Westover. In its judgment entry, the trial court found that Marbuery Davis failed to present credible evidence that his former attorney promised or guaranteed that the court would impose any particular sentence. The court further found that in light of Marbuery Davis's plea and his separate acknowledgment of his guilt prior to sentence, his complaints about his attorney's performance prior to the plea hearing did not amount to a "manifest injustice." We agree that the record does not support Marbuery Davis's allegations underlying his motion to withdraw his guilty plea.

{¶27} Therefore, we cannot find that the trial court abused its discretion in denying Marbuery Davis's motions to withdraw his guilty plea. Accordingly, the first and supplemental assignments of error are overruled.

### Effective Assistance of Counsel

{¶28} In the sixth assignment of error, Marbuery Davis argues that he was denied effective assistance of counsel due to his attorney's "substandard performance."

{¶29} Reversal of a conviction for ineffective assistance of counsel requires a

defendant to show both that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 2000-Ohio-166, 731 N.E.2d 645, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that counsel's performance was deficient, a defendant must show that defense counsel's performance fell below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 1998-Ohio-363, 693 N.E.2d 772.

**{¶30}** In evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. *Strickland* at 689. "A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69, citing *Bradley* at 141.

**{¶31}** Marbuery Davis asserts that his attorney's performance was deficient because he induced Marbuery Davis's guilty plea by promising him that he would receive a three-year prison sentence and refused to share "counsel only" discovery outlining the state's case against him. However, as we discuss above, the evidence Marbuery Davis presented at the hearing on his motion to withdraw his guilty plea does not support these allegations.

**{¶32}** Marbuery Davis also asserts that his attorney's performance was deficient because his attorney failed to file an affidavit of indigence in support of his motion to waive mandatory fines, and failed to request a presentence investigation report ("PSI").

**{¶33}** A trial court is required to impose all mandatory fines specified for a particular crime unless the court determines that the defendant is indigent. *State v. Roberts*, 2016-Ohio-7400, 72 N.E.3d 1126, ¶ 30 (8th Dist.), citing *State v. Miller*, 8th Dist. Cuyahoga No. 86505, 2006-Ohio-4752, ¶ 8. For the court to find a defendant indigent, an affidavit of indigence must be filed in accordance with R.C. 2929.18(B)(1), which provides:

> If an offender alleges in an affidavit filed with the court *prior to sentencing* that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division the court shall not impose the mandatory fine imposed upon the offender.

(Emphasis added.)

**{¶34}** Marbuery Davis does not demonstrate how the outcome of sentencing would have been different had his attorney filed an affidavit of indigence on his behalf prior to sentencing. We note that even if his attorney had filed an affidavit of indigence, Marbuery Davis would not have been automatically entitled to waiver of the mandatory fine. *Roberts* at _ 36, citing *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 759 (1998).

**{¶35}** The record demonstrates that the trial court considered Marbuery Davis's present and future ability to pay the mandatory fines as required under R.C. 2929.19 and that an affidavit of indigence likely would not have changed the trial court's finding that Marbuery Davis had a present and future ability to pay the mandatory fines. At sentencing, the trial court agreed with the state's contention that Marbuery Davis had unreported income, as evidenced by the forfeiture of over $17,000 as part of his plea. The court also explained that the record indicated that Marbuery Davis at one point had a trucking business with his father and that it found that Marbuery Davis "has the ability to earn income in the future." Therefore, we find the record fails to show a reasonable probability that the trial court would have found Marbuery Davis unable to pay the mandatory fine had counsel filed an affidavit of indigence prior to sentencing. *State v. Marshall*, 8th Dist. Cuyahoga No. 66409, 1995 Ohio App. LEXIS 3205, 7-8 (Aug. 3, 1995).

**{¶36}** Marbuery Davis's claim that his attorney's failure to request an updated PSI amounted to ineffective assistance is likewise unpersuasive. Defense counsel did request an updated PSI prior to sentencing. Marbuery Davis faced three years mandatory time based upon his plea. Under Crim.R. 32.2, a PSI is only required before the trial court imposes community control sanctions or grants probation. The record demonstrates that Marbuery Davis's attorney withdrew his request for an updated PSI after the court questioned whether that was unnecessary in light of the mandatory time.

**{¶37}** Therefore, Marbuery Davis has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced by counsel's failure to request a PSI or file an affidavit of indigence prior to sentencing. Accordingly, the sixth assignment of error is overruled.

<u>Sentence</u>

**{¶38}** Marbuery Davis's second and third assignments of error challenge his prison sentence. R.C. 2953.08 governs appeals of right and the grounds from which a defendant may appeal his or her felony sentence. Our standard of review is found in R.C. 2953.08(G), which states in relevant part:

> The appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)] * * *;
>
> (b) That the sentence is otherwise contrary to law.

**{¶39}** In the second assignment of error, Marbuery Davis argues the trial court did not make the appropriate findings under R.C. 2929.14(C) to support the imposition of consecutive sentences.

**{¶40}** Under Ohio law, prison terms are to be served concurrently, subject to certain exceptions. R.C. 2929.14(A). A trial court may, in its discretion, order that a defendant consecutively serve multiple prison terms for convictions of multiple offenses, provided the court make certain statutory findings under R.C. 2929.14(C)(4).

Specifically, the trial court must find that (1) "consecutive service is necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) one of three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c) applies. *Id.*

{¶41} As to the manner in which the trial court must make these findings, the Ohio Supreme Court has held:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is the court required to give a talismanic recantation of the words of the statute.

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶42} Here, the trial court made the first two findings by stating at the sentencing hearing:

> I think that consecutive sentences are necessary to protect the public from future crime, to punish [Marbuery Davis] and that the consecutive sentences are not disproportionate to the seriousness of [Marbuery Davis's] conduct and to the danger that he poses to the public.

{¶43} The trial court went on to find that each of the three factors found in R.C. 2929.14(C)(4)(a)-(c) were applicable to Marbuery Davis, explaining:

> And if the court finds any of the following, and in this situation, [Marbuery Davis's] history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from harm and future crime by him. And he has committed these offenses while on probation to me, which is another factor. And the third factor is that at least two of these multiple offenses were part of an overall course of conduct and that the harm caused by two or more of the multiple offenses was so great or

unusual that a single term is not appropriate given the course of conduct such that it adequately reflects the seriousness of [Marbuery Davis's] conduct.

**{¶44}** The trial court incorporated these findings into the sentencing journal entry.

**{¶45}** Therefore, the trial court made all required consecutive sentence findings under R.C. 2929.14(C)(4) both on the record and in its sentencing entry as required by *Bonnell*. Accordingly, Marbuery Davis's second assignment of error is overruled.

**{¶46}** In the third assignment of error, Marbuery Davis asserts his "sentence is erroneous because the trial court did not make specific findings in accordance with R.C. 2929.11 or R.C. 2929.12."

**{¶47}** A defendant may appeal a sentence that is contrary to law. R.C. 2953.08(A)(4). A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of felony sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

**{¶48}** Under R.C. 2929.11(A), the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," and "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of

recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶49} A trial court is not required to make specific findings of its consideration of these factors. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. "R.C. 2929.11 and 2929.12 are not fact-finding statutes, and consideration of the appropriate factors can be presumed unless the defendant affirmatively shows to the contrary." *Id.*, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12.

{¶50} Here, the trial court specifically indicated that it had considered the statutory requirements prior to imposing Marbuery Davis's sentence and sentenced him within the applicable statutory ranges. Moreover, Marbuery Davis has not affirmatively shown that the trial court did not take R.C. 2929.11 and 2929.12 into consideration.

{¶51} Therefore, Marbuery Davis has not demonstrated that the trial court failed to consider R.C. 2929.11 and 2929.12 into consideration, rendering his sentence contrary to law. Accordingly, the third assignment of error is overruled.

### Court Costs

{¶52} Marbuery Davis's fourth and fifth assignments of error relate to the imposition of court costs as part of his sentence. In the fourth assignment of error, Marbuery Davis argues the trial court erred in imposing court costs without first notifying him that he may be ordered to perform community service if he fails to pay court costs. Relying on this court's decision in *State v. Huber*, 8th Dist. Cuyahoga No. 98206,

2012-Ohio-6139, Marbuery Davis asserts that the notification under R.C. 2947.23(A)(1) is mandatory and requires a remand for limited resentencing.

**{¶53}** Our decision in *Huber*, however, has since been superseded by legislative amendments to R.C. 2947.43. *State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 13. The statute no longer requires such a notification when a trial court imposes a prison term. *Id.*, citing *State v. Brown*, 12th Dist. Butler No. CA2013-03-043, 2014-Ohio-1317, ¶ 30, fn. 3, quoting R.C. 2947.23(A)(1)(a) ("The current statute * * * provides that notification of possible court-ordered community service need only be given '[i]f the judge or magistrate imposes a community control sanction or other nonresidential sanction.'").

**{¶54}** Therefore, because Marbuery Davis was sentenced to a term of imprisonment, the notification of possible court-ordered community service is inapplicable to his sentence. Accordingly, the fourth assignment of error is overruled.

**{¶55}** In the fifth assignment of error, Marbuery Davis contends that trial court abused its discretion in ordering him to pay court costs without considering his ability to pay. The imposition of court costs is governed by R.C. 2947.23. R.C. 2947.23(A)(1)(a) states, in relevant part:

> In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution, * * * and render a judgment against the defendant for such costs.

**{¶56}** "Thus, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs, even if the defendant is

indigent." *State v. Dawson*, 8th Dist. Cuyahoga No. 104509, 2017-Ohio-965, ¶ 41, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8 ("R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted — but not required — if the defendant is indigent."). "'[A] defendant's financial status is irrelevant to the imposition of court costs.'" *Id.*, quoting *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

{¶57} In support of his argument that the trial court should have considered his ability to pay in imposing court costs, Marbuery Davis cites R.C. 2929.19(B), which requires trial courts to consider an offender's future and present ability to pay when imposing a financial sanction. Court costs are not financial sanctions and, therefore, R.C. 2929.19 has no application to the imposition of court costs. *Dawson* at ¶ 42.

{¶58} Therefore, the trial court did not err in imposing court costs. Accordingly, the fifth assignment of error is overruled.

{¶59} Judgment affirmed.


It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
TIM McCORMACK, J., CONCUR