The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1995), 105 Ohio App.3d 471.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 67848 and 67849.

Decided July 31, 1995.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *Jean M. Gallagher*, Assistant Public Defender, for appellant.

SPELLACY, Presiding Judge.

Defendant-appellant Angelo Williams appeals from convictions in C.P. case No. CR–306023 for drug trafficking, in violation of R.C. 2925.03(A)(6), and drug trafficking, in violation of R.C. 2925.03(A)(2), and in C.P. case No. CR–307594 for drug abuse, in violation of R.C. 2925.11, with a "furthermore" clause indicating a 1991 drug abuse conviction. Williams raises eight assignment of errors:

"I. Mr. Williams' rights under Art. I, Sect. 16 of the Ohio Constitution and the 14th Amendment to the United States Constitution were violated and he was improperly denied a Crim.R. 29 acquittal when his conviction for a violation of R.C. 2925.03(A)(2) was not supported by sufficient evidence.

"II. An admission of possession was a product of coercion and a violation of Mr. Williams' rights under Art. I, Sect. 14 of the Ohio Constitution and the 5th and 14th Amendments to the United States Constitution.

"III. The failure to sever the indictments denied Mr. Williams his right to a fair trial guaranteed by Art. I, Sect. 16 of the Ohio Constitution and the 14th Amendment to the United States Constitution.

"IV. The failure to grant the motion for mistrial denied Mr. Williams his right to a fair trial guaranteed by Art. I, Sect. 16 of the Ohio Constitution and the 14th Amendment to the United States Constitution.

"V. The conviction for a violation of R.C. 2925.03(A)(6) is in violation of R.C. 2941.25 and a denial of Mr. Williams' rights to protection from double jeopardy guaranteed by Art. I, Sect. 10 of the Ohio Constitution and the 5th and 14th Amendments to the United States Constitution.

"VI. The trial court erred to the prejudice of Mr. Williams when it imposed a three-year term of actual incarceration for a firearm specification when there was no firearm specification, no verdict on such a specification, and no evidence to support it.

"VII. The trial court either (A) imposed an illegal sentence on count two in case No. 306023, or (B) failed to exercise its discretion when it ordered that the

three-year term of actual incarceration required by R.C. 2925.03 be consecutive to the indefinite sentence required by R.C. 2929.11.

"VIII.   Mr. Williams was denied his rights to effective assistance of counsel guaranteed by Art. I, Sect. 10 of the Ohio Constitution and the 6th and 14th Amendments to the United States Constitution."

I

On January 31, 1994, Williams was indicted in C.P. case No. CR–306023 for drug trafficking in violation of R.C. 2925.03(A)(6) with a firearm specification, drug trafficking in violation of R.C. 2925.03(A)(2) with a firearm specification, having a weapon while under a disability in violation of R.C. 2923.13 with a firearm specification, and possessing criminal tools (handgun, pager, and money) in violation of R.C. 2923.24.   On April 11, 1994, Williams was indicted in C.P. case No. CR–307594 for drug trafficking in violation of R.C. 2925.03, and drug abuse in violation of R.C. 2925.11, with a "furthermore" clause indicating the 1991 drug abuse conviction, and possessing criminal tools (money), in violation of R.C. 2923.24.

The cases were tried together.   During the trial the trial court dismissed the firearm specifications and, after a hearing, denied a motion to suppress statements.   In case No. CR–306023 the jury found Williams guilty of both counts of drug trafficking and not guilty of having a weapon while under a disability and possessing criminal tools.   In case No. CR–307594 the jury found Williams guilty of drug abuse and not guilty of drug trafficking and possessing criminal tools.

In case No. CR–306023 the trial court sentenced Williams to "3 years actual for firearm specifications and three (3) to fifteen (15) years on count one consecutive to firearm specifications sentence."   The trial court sentenced Williams to one year for the second count.   The trial court also fined Williams $5,000 on count one and waived the fine for count two.   In case No. CR–307594 the trial court sentenced Williams to one year, to be served consecutively to CR–306023, and fined him $1,500, with $500 suspended.

II

The following evidence was adduced at trial.

A

On April 29, 1992, police officers executed a search warrant at Apartment No. 3, 1043 East 71st Street, Cleveland, Ohio, which was rented by Yolander Walker, Williams's girlfriend and the mother of one of his children.   Officer Bruce Sieniawiski testified that as he and the other police officers approached the

apartment, Williams walked out the front door, saw them, and quickly re-entered the apartment. Officer Sieniawiski testified that he pursued Williams and saw him run to the kitchen and throw something into a trash can. The police officers found a plastic bag containing crack cocaine in the trash can. When the police officers searched the rest of the apartment they found a razor blade on the dining room table, a scale in a cabinet, $351 in a window seat, and a handgun between the mattress and box spring in the master bedroom. When the police officers searched Williams they found a rock of crack cocaine, a pager, and $267. Both the razor blade and scale had cocaine residue. The plastic bag contained 41.26 grams of crack cocaine: fifty-two fairly large rocks weighing 14.21 grams and several large chunks weighing 27.05 grams.

Detective Daniel Rood testified that Williams, the only person found in the apartment, initially denied that the plastic bag of crack cocaine, razor blade, pager, and handgun belonged to him. Detective Rood further testified that Williams admitted the items belonged to him after he was told that fingerprints could be taken from the plastic bag and that Walker would be charged. Detective Rood also testified that Williams stated that he had just returned from Akron, Ohio, were he had purchased the crack cocaine for $2,600.

Williams testified that he turned to re-enter the apartment before seeing the approaching police officers. He further testified that a police officer with a shotgun shoved him from the front door down a hallway to the living room, where he was forced to face a wall. Williams went on to testify that while he was facing the wall one of the police officers knocked him slightly unconscious. Williams denied stating the crack cocaine in the plastic bag, scale, and handgun belonged to him. He admitted that the razor blade, money, pager, and rock of crack cocaine belonged to him.

Walker testified that the handgun belonged to her. She also testified that Williams never had a key to the apartment and never sold drugs in the apartment. On cross-examination, Walker testified that although Williams, who spent two to three nights a week at the apartment, had a key at one time, he did not have a key when the apartment was searched.

B

On February 16, 1994, at approximately 4:00 a.m., Police Officers Michael Meyer and Paul Baeppler observed a car playing loud music parked in the street near Apartment No. 3 with Williams in the driver's seat and a man leaning in the driver's window. Officer Baeppler testified that when he asked Williams for identification so that he could cite him for the loud music, Williams pushed him to the ground, ran to Apartment No. 3, and banged on the door. Officer Baeppler caught up to Williams and while they were struggling the door opened and they

fell into the apartment. Both police officers testified that Williams was yelling that they could not enter without a warrant. Officer Meyer testified that he was eventually able to radio for additional police officers, who helped subdued Williams. Officers Meyer and Baeppler further testified that when they searched Williams they found a bag of crack cocaine in his underwear.

Williams testified that the police officers planted the bag of crack cocaine. He also testified that he thought he was being robbed because the police officers, who were wearing plain clothes and driving an undercover police car, failed to identify themselves.

Donald White, who lives in the apartment across the hallway from Apartment No. 3, identified himself as the man who had been leaning into Williams's car. He testified that the police officers "snatched" Williams out of the car and did not identify themselves until they yelled for someone to call the police while they were struggling with Williams in the apartment.

Walker, who was in the apartment, testified that she called the police because she did not know that Officers Meyer and Baeppler were police officers. She also testified that Officers Meyer and Baeppler beat Williams.

### III

During the suppression hearing the following evidence was adduced.

After Williams told the police officers that the plastic bag retrieved from the trash can did not belong to him, they informed him that the plastic bag could be fingerprinted and that Walker would be charged. Williams then acknowledged that the plastic bag and other items belonged to him.

### IV

In his first assignment of error, Williams contends the trial court erred when it denied his motion for acquittal under Crim.R. 29(A) on the charge of drug trafficking in violation of R.C. 2925.03(A)(2).

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, the court held that:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of

the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"

R.C. 2925.03(A)(2) provides:

"(A) No person shall knowingly do any of the following:

" * * * *

"(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is intended for sale or resale by the offender or another * * *."

■ Reviewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could conclude the essential elements of R.C. 2925.03(A)(2) were proven beyond a reasonable doubt. The amount of crack cocaine and its form, fifty-two relatively large rocks and several large chunks, combined with the scale, pager, razor blade, and cash, along with Williams's statement that he had just returned from Akron where he had purchased the crack cocaine for $2,600, lead to the reasonable conclusion that Williams knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed the crack cocaine either knowing, or having reasonable cause to believe, it was intended for sale or resale.

Accordingly, Williams's first assignment of error is not well taken.

## V

In his second assignment of error, Williams contends that the trial court erred when it denied his motion to suppress his statement admitting that the crack cocaine found in the trash can belonged to him.

■ The voluntariness of a confession is determined by the totality of the circumstances. *State v. Smith* (1991), 61 Ohio St.3d 284, 288, 574 N.E.2d 510, 515. *State v. Dailey* (1990), 53 Ohio St.3d 88, 559 N.E.2d 459, paragraph two of the syllabus, held that:

"A suspect's decision to waive his Fifth Amendment privilege against compulsory self-incrimination is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct. (*Colorado v. Spring* [1987], 479 U.S. 564, 574 [107 S.Ct. 851, 857, 93 L.Ed.2d 954, 966], followed.)"

Based on the totality of the circumstances, we find Williams's admission voluntary. Williams argues that the police officers used coercion when they told him that Walker would be charged. This, however, falls short of coercion.

Accordingly, Williams's second assignment of error is not well taken.

## VI

In his third assignment of error, Williams contends that the trial court erred when it denied his motion to sever the offenses.

We review a ruling on a motion to sever for abuse of discretion. *State v. Franklin* (1991), 62 Ohio St.3d 118, 122, 580 N.E.2d 1, 5; *State v. Torres* (1981), 66 Ohio St.2d 340, 20 O.O.3d 313, 421 N.E.2d 1288, syllabus.

Criminal offenses of the same or similar character may be joined for trial. Crim.R. 8(A); *State v. Schaim* (1992), 65 Ohio St.3d 51, 59, 600 N.E.2d 661, 668; *Franklin*, 62 Ohio St.3d at 122, 580 N.E.2d at 5. Where joinder prejudices either the state or the defendant, however, the trial court must "order an election or separate trials of counts * * * or provide such other relief as justice requires." Crim.R. 14. The state may counter a claim of prejudice made by a defendant by showing that the evidence of each crime is simple and distinct. *Schaim*, 65 Ohio St.3d at 59, 600 N.E.2d at 668.

We find no abuse of discretion in the trial court's conclusion that the offenses were of the same or similar character and that the evidence was simple and distinct. Both incidents involved trafficking in and possession of crack cocaine. Evidence of the two incidents, separated by time, was uncomplicated and clear. Also, Williams's acquittal on the drug trafficking charge in case No. CR–307594 demonstrates the jury's ability to distinguish between the two incidents. See *State v. Schiebel* (1990), 55 Ohio St.3d 71, 88, 564 N.E.2d 54, 72. (acquittal on some counts demonstrated jury's ability to segregate evidence).

Accordingly, William's third assignment of error is not well taken.

## VII

In his fourth assignment of error, Williams contends that trial court erred when it denied his motion for a mistrial.

During redirect examination the following exchange took place between the prosecutor and a witness:

"Q. Officer, all these items that have been introduced into evidence, these were everything taken from the house that day; aren't they?

"A. That's correct.

"Q. Okay, you haven't hidden anything from the jury, have you, Officer?

"A. No, we have not.

"Q. Except for a couple items that were taken out after a sidebar called by the defense attorney, correct?

"A. That's correct."

The trial court immediately sustained an objection made by the defense. At a sidebar, the defense moved for a mistrial. The trial court denied this motion and gave a curative instruction:

"THE COURT: I am going to ask you to disregard the last question. There was reference to certain pieces of evidence being excluded by this Court. I want to emphasize to you that the Court makes those determinations as a matter of law based on whether the particular pieces of evidence are relevant to the issues that you as the jury must determine or whether they are potentially prejudicial to that wonderful unbiased, unprejudiced jury that you are, and there is nothing on the part of either the defense or the prosecution in this case that sways this Court or affects anything other than a legitimate inquiry into the justification for excluding one piece of evidence or another.

"It is my decision and my decision alone. It's not defense counsel's, it is not the prosecutor's. I decide what is appropriate ultimately for the jury to have in front of it, and I don't do that based on my personal opinion. I do that based on the law of the State of Ohio and the Constitution of the United States of America, so disregard any reference please to any effort by anyone in this courtroom to withhold evidence from you for any untoward or illegitimate purpose."

■ "Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." *Franklin,* 62 Ohio St.3d at 127, 580 N.E.2d at 9. We review a ruling on a motion for mistrial for abuse of discretion. *State v. Sage* (1987), 31 Ohio St.3d 173, 182, 31 OBR 375, 382, 510 N.E.2d 343, 350.

■ Williams argues the curative instruction was ineffective because the trial court asked the jury to disregard the prosecutor's statement instead of ordering it to do so. We find no abuse of discretion in the trial court's conclusion that the instruction sufficiently cured the defect.

Accordingly, Williams's fourth assignment of error is not well taken.

## VIII

In his fifth assignment of error, Williams contends that he was improperly sentenced because violations of R.C. 2925.03(A)(2) and 2925.03(A)(6) are allied offenses of similar import under R.C. 2941.25.

■ Williams waived his right to raise this claimed error by failing to object. *State v. Comen* (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640, 646; *State v. Perkins* (1994), 93 Ohio App.3d 672, 684, 639 N.E.2d 833, 841. Moreover, this court has consistently held that trafficking in drugs by preparing for shipment, shipping, etc., and by possession are not allied offenses of similar import. *State v. Powell* (1993), 87 Ohio App.3d 157, 169–170, 621 N.E.2d 1328, 1336–1337; *State v. Jordan* (1992), 73 Ohio App.3d 524, 541–542, 597 N.E.2d 1165, 1175–1176; *State v. Gilbert* (Sept. 22, 1994), Cuyahoga App. No. 66269, unreported, at 10–11, 1994 WL 521183; *State v. Jackson* (Aug. 4, 1994), Cuyahoga App. No. 65957, unreported, at 5–7, 1994 WL 408078.

Accordingly, Williams's fifth assignment of error is not well taken.

## IX

In his sixth assignment of error, Williams contends that the trial court improperly imposed a three-year sentence of actual incarceration for a firearm specification.

■ The trial court sentenced Williams in case No. CR–306023 to a term of "3 years actual for firearm specifications and three (3) years to fifteen (15) years on count one consecutive to firearm specifications sentence * * *." All the firearm specifications, however, were dismissed. The state argues that the three-year actual incarceration sentence stems from sentencing provisions found in R.C. 2925.03 and that the reference to the firearm specifications constitutes harmless error. We disagree and find the sentence improper.

Accordingly, Williams's sixth assignment of error is well taken.

## X

In his seventh assignment of error, Williams contends that the trial court improperly ordered that the three-year sentence of actual incarceration run consecutive to the indefinite sentence.

Our conclusion in Williams's sixth assignment of error that the trial court incorrectly sentenced him on the firearm specifications renders it unnecessary for us to address this assignment of error.

## XI

In his eighth assignment of error, Williams contends that he was denied the right to effective assistance of counsel.

■ An ineffective assistance of counsel claim requires a showing that counsel's performance was deficient and that the deficient performance was

prejudicial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. Deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Prejudice requires a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* When determining whether counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–695.

Williams argues that he received ineffective assistance of counsel because his trial counsel failed to object to the imposition of multiple sentences for allied offenses of similar import, failed to renew the motion to sever, and failed to object to the imposition of the three-year term of actual incarceration consecutive to the indefinite sentence. No prejudice resulted from these alleged instances of deficient performance. The drug trafficking offenses were not allied offenses of similar import, the trial court properly denied the motion to sever, and we have already found the sentence improper.

Williams also argues that he received ineffective assistance of counsel because his trial counsel failed to file an affidavit of indigency to avoid payment of the fines.

The failure to file an affidavit alleging that a defendant is indigent and unable to pay a mandatory fine constitutes ineffective assistance of counsel only when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. *State v. Huffman* (Jan. 26, 1995), Cuyahoga App. No. 63938, unreported, 1995 WL 32642; *State v. Burton* (Apr. 14, 1994), Cuyahoga App. No. 64710, unreported, 1994 WL 132442; *State v. Avant* (Nov. 23, 1993), Marion App. No. 9–93–12, unreported, 1993 WL 481408; see, also, *State v. Powell* (1992), 78 Ohio App.3d 784, 605 N.E.2d 1337.

During the trial, Williams testified that he was unemployed, lived with his mother, and supported himself by cutting hair. He further testified that he had been a mechanic and construction worker. During the sentencing hearing, Williams's attorney stated that Williams had been a productive member of society and maintained jobs. Williams's attorney also stated that Williams was a person of limited means and that Williams's sister was the only one paying Williams's legal fees.

Although the trial court appointed appellate counsel, indigency for retaining counsel is distinct from indigency for payment of fines. *State v. Lefever* (1993), 91 Ohio App.3d 301, 308, 632 N.E.2d 589, 593; *State v. Reitz* (1991), 74 Ohio App.3d 33, 35, 598 N.E.2d 34, 35.

We find the record is insufficient to show a reasonable probability that Williams would have been found indigent for purposes of the payment of fines if the affidavit of indigency had been filed. See *State v. Huffman* (Jan. 26, 1995), Cuyahoga App. No. 63938, unreported, 1995 WL 32642 (unemployment, five-year sentence of actual incarceration, seizure of car, and absence of evidence of any assets insufficient to show the defendant would have been found indigent and unable to pay mandatory fines).

Accordingly, Williams's eighth assignment of error is not well taken.

The judgment is affirmed in part, reversed in part, and the cause is remanded for resentencing in case No. CR–306023.

*Judgment accordingly.*

PORTER and DYKE, JJ., concur.