OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983) 11 Ohio App.3d 158.
Defendant-appellant Dominic Gulino appeals his sentence after his conviction for trafficking in cocaine in violation of R.C.2925.03(A)(2), possession of criminal tools in violation of R.C. 2923.24; and possession of cocaine in violation of R.C.2925.03(A)(4). The appellant was sentenced to a term of incarceration of 18 months on count one, 12 months on count two, and 24 months on count three. A term of 18 months actual incarceration was imposed on count three. All sentences were ordered to be served consecutively.
The appellant asserts only one assignment of error:
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES FOR THE OFFENSES OF DRUG TRAFFICKING IN VIOLATION OF R.C. SECTION 2941.25 WHICH PRECLUDES CONVICTION AND MULTIPLE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT.
The appellant essentially argues that he was charged and convicted twice for the same type and quantity of drugs. The appellant posits that where there are no facts to indicate that the amount of drugs possessed was greater than the amount involved in the sale, a trial court is prohibited from convicting a defendant on both counts.
The record indicates that the appellant failed to object to the convictions or sentences at trial, hence, this claimed error is waived. State v. Williams (1995), 105 Ohio App.3d 471, 481, citing to State v. Comen (1990), 50 Ohio St.3d 206. A finding of plain error is to be entered with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Hill (1995), 73 Ohio St.3d 433, citing to State v. Long (1978), 53 Ohio St.2d 91.
In the case sub judice, plain error does not exist because, as this court has held on many previous occasions, drug trafficking and drug possession are not allied offenses of similar import. State v. Jolly (July 10, 1997), Cuyahoga App. No. 70482, unreported, citing to State v. Jordan (1992), 73 Ohio App.3d 524; State v. Powell (1993), 87 Ohio App.3d 157. We find these cases to be dispositive.
The appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue Out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J.
KENNETH A. ROCCO, J.
JAMES D. SWEENEY, J.