[Cite as *State v. Cruz*, 2018-Ohio-2052.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106098

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LUIS CRUZ**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604108-A

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 24, 2018

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square, Suite 1600
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Patrick J. Lavelle
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Luis Cruz, appeals his conviction and sentence.   He claims the following three assignments of error:

> 1. The trial court erred when it found appellant's plea was voluntary, knowing, and intelligent and that he was aware of the maximum penalty involved where, at the time of his change of plea, he was given inaccurate information about his judicial release and received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution related to the incorrect information conveyed to appellant regarding his eligibility to file for judicial release.
>
> 2.   The trial court erred when it imposed a mandatory fine on an indigent appellant, without first considering his ability to pay and otherwise trial counsel was ineffective for failing to file an affidavit of indigency.
>
> 3.   The trial court erred when it ordered appellant to pay court costs in its journal entry of sentencing that were not imposed on the record and trial counsel was otherwise ineffective for failing to file an affidavit of indigency.

{¶2} We find no merit to the appeal and affirm.

## I.  Facts and Procedural History

{¶3} Cruz was charged with one count of drug trafficking in violation of R.C. 2925.03, with a major drug offender specification, a juvenile specification, a one-year firearm specification, and numerous forfeiture specifications for $22,889 in U.S. currency, eight cell phones, two automobiles, two firearms, and other items.  The indictment also included charges for two counts of drug possession, having weapons while under disability, permitting drug abuse, possessing criminal tools, and two counts of child endangering.

{¶4} After the commencement of trial, the parties reached a plea agreement and Cruz pleaded guilty to one count of trafficking in heroin in an amount exceeding 50 grams but less than 250 grams, in violation of R.C. 2925.03(A)(2), with the juvenile specification, the one-year firearm specification, and the forfeiture specifications.  As amended, the trafficking charge no longer included the major drug offender specification, and the state dismissed the remaining seven charges.  The parties also agreed to a mandatory eight-year prison sentence.

{¶5} Before accepting Cruz's guilty plea, Cruz's trial counsel advised the court that he believed Cruz understood his rights but expressed concern regarding the possibility of judicial release.  In this regard, Cruz's trial counsel explained:

> He has expressed one concern.  I told him we had talked to the Court on the sidebar and told him that when he feels that he wants to do so, he can file his — a motion with Court and I've talked about a motion for shock probation with judicial release.  I've explained to him that if a motion is filed, like all motions, the Court will consider or review the motion, consider the motions and make a decision based on what the Court feels is most appropriate.  That was the only thing that he mentioned to me that he was concerned about and I told him that's the conversation we had and, you know, the Court — I'm letting him again know what we're talking about.  But it's my understanding he does wish to enter the plea that we talked about.

(Tr. 236-237.)

{¶6} Thereafter, the court advised Cruz of the constitutional and statutory rights he was waiving by virtue of his guilty plea. The court also explained the nature of the charges and the potential penalties he could receive including a minimum, mandatory $10,000 fine. Despite expressing concern over how he was going to pay the mandatory fine, Cruz pleaded guilty to the single count of drug trafficking, as amended. The trial court reluctantly sentenced Cruz to the agreed eight-year sentence and ordered him to pay the mandatory fine of $10,000. Cruz now appeals his convictions and sentence.

## II. Law and Analysis

### A. Guilty Plea

{¶7} In the first assignment of error, Cruz argues he did not enter his guilty plea knowingly, intelligently, and voluntarily because he received erroneous information about his eligibility to file for judicial release. He contends he was falsely led to believe he could request judicial release when in reality the mandatory nature of his sentence made him ineligible for judicial release.

{¶8} In considering whether a plea was entered knowingly, intelligently, and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7.

{¶9} Crim.R. 11(C) provides that a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The purpose of Crim.R. 11(C) is to convey relevant information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

**{¶10}** Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure (1) that the plea is voluntary, with the understanding of the nature of the charges and the maximum penalty involved and, if applicable, that the defendant is not eligible for community control sanctions; (2) that the defendant understands the effect of his or her plea; and (3) that the defendant understands the constitutional rights he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(a)-(c); *see, e.g.*, *State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18.

**{¶11}** Strict compliance by the trial court is required for the waiver of the constitutional rights set forth under Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and is therefore invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

**{¶12}** With respect to the nonconstitutional rights described in Crim.R. 11(C)(2)(a), such as the right to be informed of the maximum penalty involved, substantial compliance with the rule is generally sufficient. *Veney* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93. "[A] slight deviation from the text of the rule is permissible; so long as the totality of the

circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Clark* at ¶ 31, quoting *Nero* at 108.

{¶13} Furthermore, a trial court's failure to properly advise a defendant of his nonconstitutional rights will not invalidate a plea unless the defendant demonstrates prejudice. *Nero* at 108. The test for prejudice is whether the plea would have otherwise been made. *Id.*

{¶14} It is undisputed that the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(c), and that Cruz understood the waiver of his constitutional rights. He contends he was misinformed and led to believe that he could request judicial release because his trial counsel told him that he could file a motion for shock probation. However, the trial court explained Cruz's penalty as follows:

> THE COURT: Okay. You'll be pleading guilty to trafficking in drugs, and it's heroin, in an amount equal to or exceeding 50 grams but less than 250 grams and that's in violation of 2925.03(A)(2). As amended, it's a felony of the first degree, it carries anywhere from 3 to 11 years for the offense itself, plus you must serve a one-year mandatory time for the gun and that has to be served first and then you'll serve whatever time I give you on the offense itself; do you understand that sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, your lawyers and the State's lawyer have recommended to me that you receive an aggregate sentence of eight years; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I may agree with them, I may not, I have to make my own independent decision; do you understand that?
>
> THE DEFENDANT: Okay.
>
> THE COURT: Now, you also are going to be fined at least $10,000 but it could be as much as $20,000; do you understand that?
>
> THE DEFENDANT: Where am I going to get that money from?
>
> THE COURT: Frankly, that's not my concern.

THE DEFENDANT: I don't have any money.

(Thereupon, an attorney/client discussion took place off the record at this time.)

[DEFENSE COUNSEL]: We're ready to continue, Judge.
THE COURT: So, sir, you understand that it's a mandatory $10,000 fine; is that correct?

THE DEFENDANT: Yes.

THE COURT: All right.   But it could be as much as $20,000; do you understand that[?]

THE DEFENDANT: Yes.

(Tr. 241-243.)   The state also listed all the property Cruz would forfeit as a result of his guilty plea, and Cruz indicated that he understood that he was forfeiting those items.   Thus, the trial court explained the potential penalties Cruz could receive by virtue of his guilty plea as required by Crim.R. 11(C)(2)(a).

{¶15} Moreover, Cruz understood that his conviction required a prison term of 3 to 11 years in addition to the mandatory one-year prison term on his firearm specification.   Therefore, under the totality of the circumstances, we may conclude that Cruz understood that he was not eligible for probation and that he was going to prison.   Cruz also understood that he was subject to a mandatory fine of $10,000 and a possible fine of up to $20,000.   Therefore, regardless of his hope for judicial release, Cruz was notified and understood the potential penalties associated with his plea.   This is all that Crim.R. 11(C)(2)(a) requires.

{¶16} Additionally, neither Cruz's trial counsel, the state, nor the court promised Cruz that he would be released on shock probation.   His counsel advised him that even if he were to file a motion for judicial release, the court would determine whether judicial release was appropriate or not.   There was no guarantee.   Therefore, even though Cruz's trial counsel

offered wrong advice regarding the potential for judicial release, Cruz understood that he was going to prison and that his maximum prison term could be 12 years (11 years for drug trafficking plus one year on the firearm specification).

{¶17} Moreover, Cruz fails to demonstrate that he was prejudiced by counsel's faulty advice. By pleading guilty, the state dismissed seven felony charges and deleted the major drug offender specification attendant to the drug trafficking charge to which Cruz pleaded guilty. The major drug offender specification alone carried a mandatory 11-year prison term. *See* R.C. 2925.03(C)(1)(f) (For major drug offenders, the court "shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree."). Indeed, Cruz faced up to 28 years in prison if he were convicted of all the charges in the indictment. The reduction in prison time was the incentive for pleading guilty, not the vague possibility of judicial release. Cruz fails to demonstrate that but for his trial counsel's statements regarding judicial release, he would not have pleaded guilty.

{¶18} Cruz nevertheless asserts that his trial counsel was ineffective because he conveyed false information regarding judicial release. To establish a claim for ineffective assistance of counsel, Cruz must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

**{¶19}** As previously explained, Cruz cannot demonstrate that he was prejudiced by trial counsel's statements regarding judicial release. Therefore, he cannot establish a claim for ineffective assistance of counsel.

**{¶20}** The first assignment of error is overruled.

### B. Mandatory Fine

**{¶21}** In the second assignment of error, Cruz argues the trial court erred by ordering him to pay a mandatory fine without considering his ability to pay. He asserts he was indigent and should not have to pay the fine.

**{¶22}** A trial court is required to impose all mandatory fines specified for a particular crime unless the court determines that the defendant is indigent. *State v. Roberts*, 8th Dist. Cuyahoga No. 103980, 2016-Ohio-7400, ¶ 30, citing *State v. Miller*, 8th Dist. Cuyahoga No. 86505, 2006-Ohio-4752, ¶ 8. R.C. 2929.18(B)(1) states, in relevant part:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine * * *, the court shall not impose the mandatory fine upon the offender.

R.C. 2929.18(B)(1). Thus, in order to avoid the imposition of a mandatory fine, the defendant must (1) submit an affidavit of indigency to the court prior to sentencing, and (2) the court must find that "the offender is an indigent person and is unable to pay the mandatory fines." *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998).

**{¶23}** Cruz did not file an affidavit of indigency prior to sentencing as required by R.C. 2929.18(B)(1). Therefore, the trial court was not required to consider whether Cruz was unable to pay the mandatory fine. Thus, Cruz argues his trial counsel was ineffective because he failed to file an affidavit of indigency that would have relieved him of the mandatory fine.

**{¶24}** As previously stated, in order to prevail on an ineffective assistance of counsel claim, the appellant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373. To establish prejudice, the defendant must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

**{¶25}** Moreover, the failure to file an affidavit alleging that a defendant is indigent and unable to pay a mandatory fine only constitutes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed. *State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-4291, ¶ 13; *State v. Weaver*, 8th Dist. Cuyahoga No. 67389, 1995 Ohio App. LEXIS 3302 (Aug. 10, 1995).

**{¶26}** Ohio law does not prohibit a court from imposing a fine on an "indigent" defendant. *State v. Smith*, 8th Dist. Cuyahoga No. 101802, 2015-Ohio-2266, ¶ 9. The filing of an affidavit of indigency does not automatically entitle a defendant to a waiver of a mandatory fine. *State v. Knox*, 8th Dist. Cuyahoga Nos. 98713 and 98805, 2013-Ohio-1662, ¶ 36. In making its indigency determination, the court must consider both the offender's present and future ability to pay the fine. R.C. 2929.19(B)(5).

**{¶27}** Neither statute nor case law prescribes express factors a court must consider or findings a court must make when determining the offender's present and future ability to pay. *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 9 (10th Dist.). Thus

the trial court need not make an "affirmative finding that an offender is able to pay a mandatory fine." *Gipson* at 635.

{¶28} The fact that Cruz was represented by court appointed counsel does not necessarily establish that he is or will be unable to pay his fine. A determination that a criminal defendant is indigent for purposes of receiving appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine. *State v. Knox*, 115 Ohio App.3d 313, 317, 685 N.E.2d 304 (8th Dist.1996); *State v. Williams*, 105 Ohio App.3d 471, 483, 664 N.E.2d 576 (8th Dist.1995).

{¶29} Moreover, the record shows that Cruz owned two automobiles and possessed $22,889 in U.S. currency when he was arrested. And Cruz informed the court that although he was represented by court appointed counsel, he attempted to retain his own personal counsel but was prohibited for some unknown reason. (Tr. 238-239.) This suggests that Cruz was not indigent.

{¶30} There was no evidence that Cruz was unable to pay the fines after his release from prison. There was no evidence of any physical or mental disability that prevented him from earning the funds to pay the fine. Thus, even if his trial counsel had filed an affidavit of indigency, it is doubtful that the trial court would have waived the mandatory fine. Therefore, Cruz cannot establish a claim for ineffective assistance of counsel.

{¶31} The second assignment of error is overruled.

### C. Court Costs

{¶32} In the third assignment of error, Cruz argues the trial court erred when it ordered him to pay court costs in the journal entry when costs were not imposed in open court and on the record. The state concedes this error. However, in *State v. Beasley*, Slip Opinion No.

2018-Ohio-493, the Ohio Supreme Court explained that under R.C. 2947.23(C), as recently amended, the trial court "'retains jurisdiction to waive, suspend, or modify the payment of costs of prosecution * * * at the time of sentencing or at any time thereafter." *Id*. at ¶ 265. Thus, the court concluded that there is no need for the appellate court to remand the case in order for a defendant to file a motion to waive costs. *Id*. at ¶ 265.

**{¶33}** Therefore, the third assignment of error is overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR