[Cite as *State v. King*, 2019-Ohio-1244.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107282**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEONTE KING**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-620123-A and CR-17-623011-B

**BEFORE:** Celebrezze, P.J., Sheehan, J., and Headen, J.

**RELEASED AND JOURNALIZED:** April 4, 2019

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
BY:    David Martin King
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Kevin E. Bringman
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Deonte King ("appellant"), brings this appeal challenging the trial court's imposition of a mandatory $7,500 fine.   Specifically, appellant argues that he was denied his constitutional right to the effective assistance of counsel because counsel failed to file an affidavit of indigency.   After a thorough review of the record and law, this court affirms.

### I.   Factual and Procedural History

**{¶2}** Appellant was charged in two criminal cases for various drug-related offenses committed in August 2017.   First, in Cuyahoga C.P. No. CR-17-620123-A, the Cuyahoga County Grand Jury returned a ten-count indictment on September 21, 2017, charging appellant

with (1) drug trafficking, (2) drug possession, (3) drug trafficking, (4) drug possession, (5) drug trafficking, (6) drug possession, (7) drug trafficking, (8) drug possession, (9) drug possession, and (10) possessing criminal tools.   All ten counts contained forfeiture specifications.

{¶3} Second, in Cuyahoga C.P. No. CR-17-623011-B, the Cuyahoga County Grand Jury returned a seven-count indictment on December 18, 2017, charging appellant with (1) drug trafficking, (2) drug possession, (3) drug trafficking, (4) drug possession, (5) drug trafficking, (6) drug possession, and (7) permitting drug abuse.   All seven counts contained one-year firearm specifications and forfeiture specifications.

{¶4} On April 9, 2018, appellant pled guilty in both criminal cases.   In CR-17-620123-A, appellant pled guilty to three counts of drug trafficking.   In CR-17-623011-B, appellant pled guilty to two counts of drug trafficking.   The trial court ordered a presentence investigation report and set the matter for sentencing.

{¶5} The trial court held a sentencing hearing on both criminal cases on May 9, 2018.   In CR-17-620123-A, the trial court sentenced appellant to a prison term of one year.   In CR-17-623011-B, the trial court sentenced appellant to a prison term of three years.   The trial court ordered appellant's one- and three-year prison sentences to run concurrently with one another, for an aggregate prison sentence in both cases of three years.   Finally, the trial court ordered appellant to pay the mandatory minimum fine of $7,500 for the drug trafficking offense to which he pled guilty in CR-17-623011-B.   (Tr. 80.)

{¶6} On June 8, 2018, appellant filed the instant appeal challenging the trial court's judgment.   He assigns one error for our review:

I.   [Appellant] was denied effective assistance of counsel in violation of the

Sixth and Fourteenth Amendments to the United States Constitution and Article 1,

Section 10 of the Ohio Constitution when his attorney failed to filed an indigency affidavit to waive the mandatory fine.

## II. Law and Analysis

{¶7} In his sole assignment of error, appellant argues that he was denied his constitutional right to the effective assistance of counsel.

{¶8} In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶9} In the instant matter, regarding the first *Strickland* prong, appellant argues that counsel's failure to file an affidavit of indigency to relieve him of the mandatory $7,500 fine constituted deficient performance.

{¶10} R.C. 2929.18 provides that a trial court at sentencing shall impose "a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 631, 687 N.E.2d 750 (1998).

> The trial court is required to impose a mandatory fine unless an affidavit of indigency is filed and the trial court determines that the defendant is indigent and unable to pay the mandatory fine. *State v. Powell*, 78 Ohio App.3d 784, 605

N.E.2d 1337 (3d Dist.1992); *State v. Cravens*, 42 Ohio App.3d 69, 536 N.E.2d 686 (1st Dist.1988). Failure to file the affidavit constitutes ineffective assistance of counsel only if the record demonstrates that there exists a reasonable probability that the defendant would have been found indigent. *Powell*, *supra*.

*State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-4291, ¶ 13.

{¶11} In this case, it is undisputed that appellant's trial counsel did not file an affidavit of indigency before the sentencing hearing. However, the record reflects that trial counsel did, in fact, request that appellant be declared indigent with respect to the mandatory fine. During the sentencing hearing, the prosecutor asserted that the maximum fine for the drug trafficking offense to which appellant pled guilty was $15,000, and the mandatory minimum fine was $7,500. Thereafter, defense counsel requested that appellant be declared indigent because "he has no funds, [and] hasn't even paid [retained counsel]." (Tr. 79.)

{¶12} Nevertheless, this court has held that counsel's failure to file an affidavit of indigency alleging that a defendant is unable to pay a mandatory fine only constitutes ineffective assistance "when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed." *State v. Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, ¶ 25, citing *Ledbetter* at ¶ 13, and *State v. Weaver*, 8th Dist. Cuyahoga No. 67389, 1995 Ohio App. LEXIS 3302 (Aug. 10, 1995).

{¶13} Appellant argues that had defense counsel filed an affidavit of indigency, "there is a reasonable probability, indeed almost a certainty, that the trial court would have found [him] indigent and thus waived the mandatory fine." Appellant's brief at 4. After reviewing the record, we disagree.

**{¶14}** As noted above, during the sentencing hearing, defense counsel requested the trial court to find appellant indigent and unable to pay the mandatory fine. The trial court considered and denied defense counsel's request. The trial court found that appellant was indigent at the time of the May 9, 2018 sentencing hearing. However, the trial court did not find that appellant would be unable to pay the mandatory fine. The trial court explained,

> I'm going impose the minimum of $7,500 for the mandatory fine for the trafficking offense.
>
> I noted that [appellant is] indigent, but he's also demonstrated a strong likelihood of being employed and employable. And I believe that upon his release from prison he will have the ability to pay off that fine and that his indigency status presently will not be a factor that is likely to appear in the future. So he has to pay that off.

(Tr. 80-81.)

**{¶15}** In support of his argument that there is a reasonable probability that the trial court would have waived the mandatory fine if counsel had filed an affidavit of indigency, appellant directs this court to *State v. Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002 Ohio App. LEXIS 1971 (Apr. 26, 2002), *State v. McDowell*, 11th Dist. Portage No. 2001-P-0149, 2003-Ohio-5352, and *State v. Parsley*, 10th Dist. Franklin No. 09AP-612, 2010-Ohio-1689. In all three cases, the appellate court concluded that the defendant-appellant was denied the constitutional right to effective assistance of counsel based on counsel's failure to file an affidavit of indigency when the defendant-appellant was facing a mandatory fine. In *Gilmer*, the Sixth District explained,

> there is enough information within the record of this case, including appellant's age and spotty work history, the financial information contained within the presentence report, and the fact that appellant was represented by appointed counsel at the trial level, to warrant a remand. Indeed, we believe that it is

reasonable to conclude that appellant, age forty-eight and cocaine dependent at the time of sentencing, facing nine years of incarceration and a $ 10,000 fine, could have proven himself indigent had he submitted a proper affidavit of indigency.

*Gilmer* at 6-7.

{¶16} In *McDowell*, the Eleventh District explained,

> the presentencing investigation report provides evidence regarding appellant's employment history and educational background.   The report shows that appellant was unemployed at the time of his arrest and collecting $ 159.00 per week in unemployment.   His most recent job as a welder and electrician paid $ 9.00 an hour.   Appellant's educational background was limited to a high school degree and a one hundred and twenty-hour security course.

> Based upon the above information, it is reasonable to conclude that appellant could have proven himself indigent had his counsel submitted an affidavit of indigency.

*McDowell* at ¶ 76-77.

{¶17} In *Parsley*, the Tenth District explained,

> the presentence investigation report provides evidence of appellant's employment history and background.   [*McDowell* at ¶ 76] (looking at presentence investigation report to determine whether or not trial counsel was ineffective for failing to file affidavit of indigency).   The report shows that appellant had no source of income and no employment at the time of this offense.   The report also indicated that he had no prior employment.   Selling drugs was his only means of financial support.   Appellant had only a high school education.

> In light of the presentence investigation report, there is a reasonable probability that the trial court would have found the defendant indigent, thereby relieving him of the obligation to pay a mandatory fine.

*Parsley* at ¶ 66-67.

**{¶18}** In the instant matter, after reviewing the record, we find appellant's reliance on *Gilmer*, *McDowell*, and *Parsley* to be misplaced. First, as noted above, although appellant's counsel did not file an affidavit of indigency, counsel did, in fact, request that appellant be declared indigent with respect to the mandatory fine. Second, unlike *Gilmer*, *McDowell*, and *Parsley*, appellant did not have a spotty work history, nor was he unemployed at the time he committed the offenses in August 2017. The record reflects that appellant had a history of both full-time and temporary employment, which the trial court reviewed during the sentencing hearing.

**{¶19}** Appellant advised the trial court that he graduated from Max Hayes High School in 2011. After graduating, appellant had full-time employment with Alcoa, an industrial corporation, for approximately five years. (Tr. 63.) After he was laid off by Alcoa, appellant was employed at Clark Reliance in Strongsville, Ohio, for approximately one year. (Tr. 64.) Thereafter, appellant was employed through Great Lakes Carnival Exposition. (Tr. 62, 65.) At the time of the sentencing hearing, appellant was employed by Presrite Corporation, working in a plant. (Tr. 61, 65.)

**{¶20}** Finally, unlike the limited educational background of the defendants in *McDowell* and *Parsley*, appellant advised the trial court at sentencing that he is "enrolled in Tri-C"[1] and has completed 12 credit hours. (Tr. 60.) For all of these reasons, we find this case to be distinguishable from *Gilmer*, *McDowell*, and *Parsley*.

**{¶21}** Appellant also emphasizes that the trial court found him indigent during his arraignment in CR-17-620123-A, and found him indigent for purposes of filing an appeal. Appellant's argument is misplaced and unsupported by the record.

{¶22} As an initial matter, the record reflects that although the trial court found appellant to be indigent and assigned the public defender's office to represent appellant during his initial appearance in CR-17-620123-A, appellant subsequently retained counsel to represent him in both criminal cases. The trial court's journal entry from appellant's arraignment in CR-17-623011-B provides, in relevant part, "[appellant] present with counsel. [Appellant] retained [M.G.] as counsel." The record reflects that the trial court found appellant to be indigent for purposes of filing an appeal and appointed counsel to represent appellant during the May 9, 2018 sentencing hearing.

{¶23} Nevertheless, the fact that the trial court found appellant to be indigent and appointed counsel to represent him does not necessarily establish that appellant is, or will be unable to pay the mandatory fine. *Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, at ¶ 28. "A determination that a criminal defendant is indigent for purposes of receiving appointed counsel is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine." *Cruz* at *id*., citing *State v. Knox*, 115 Ohio App.3d 313, 317, 685 N.E.2d 304 (8th Dist.1996), and *State v. Williams*, 105 Ohio App.3d 471, 483, 664 N.E.2d 576 (8th Dist.1995).

{¶24} Based on the foregoing analysis, we find that a reasonable probability does not exist that the trial court would have waived the mandatory fine if appellant's trial counsel had filed an affidavit of indigency prior to the sentencing hearing. Appellant's counsel orally moved the trial court to find appellant indigent for purposes of the mandatory fine, and the trial court did, in fact, find that appellant was indigent at the time of sentencing. The trial court

---

[1] Cuyahoga County Community College.

concluded, however, that appellant would be able to pay the mandatory fine upon his release from prison.

{¶25} The trial court's determination in this respect is supported by the evidence in the record. Appellant had been employed on a regular basis after graduating from high school. The record is devoid of any evidence of physical or mental disabilities that prevented, or would prevent appellant upon his release from earning money to pay the fine. *See Cruz* at ¶ 30.

{¶26} For all of the foregoing reasons, appellant's ineffective assistance claim fails under the second *Strickland* prong because he cannot demonstrate prejudice resulting from counsel's failure to file an affidavit of indigency. The record fails to demonstrate a reasonable probability that had counsel filed an affidavit of indigency, the trial court would have found appellant to be indigent and unable to pay the mandatory fine. In fact, the trial court expressly found that appellant would be able to pay the fine upon his release, and thus, it is highly unlikely that the trial court would have waived the mandatory fine if an affidavit of indigency was filed prior to sentencing.

{¶27} Appellant's sole assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
RAYMOND C. HEADEN, J., CONCUR