[Cite as *State v. Bible*, 2025-Ohio-2106.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-24-45

  v.

MARK E. BIBLE,

    OPINION AND
    JUDGMENT ENTRY

    DEFENDANT-APPELLANT.

**Appeal from Logan County Common Pleas Court
General Division
Trial Court No. CR 23 09 0232**

**Judgment Reversed and Cause Remanded**

**Date of Decision: June 16, 2025**

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Nathan Yohey* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, Mark Bible ("Bible"), appeals the October 8, 2024 judgment of sentence entered against him in the Logan County Court of Common Pleas, following his pleas of guilty to multiple felony drug offenses. For the reasons that follow, we reverse the sentence imposed by the trial court.

{¶2} This case originated on November 14, 2023, when a Logan County grand jury returned a five-count indictment against Bible, charging him as follows: Count 1 – Aggravated Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(c); Count 2 – Aggravated Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(c); Count 3 – Aggravated Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(c); Count 4 – Aggravated Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(c); and Count 5 – Aggravated Possession of Drugs, a second-degree felony in violation of R.C. 2925.11(A) and (C)(1)(c).

{¶3} On November 17, 2023, an arraignment was held and Bible entered a plea of not guilty to all counts in the indictment.

{¶4} On August 13, 2024, a superseding indictment was filed. That indictment contained the same five charges set forth in the original indictment, but added a sixth count in which Bible was charged with Complicity to Aggravated

Possession of Drugs, a second-degree felony in violation of R.C. 2923.03(A)(2) and R.C. 2925.11(A) and (C)(1)(c). Count 6 of the superseding indictment also contained an automobile forfeiture specification pursuant to R.C. 2941.1417(A).

**{¶5}** On August 14, 2024, an arraignment was held on the superseding indictment and Bible entered a plea of not guilty to the superseding indictment.

**{¶6}** On September 6, 2024, a change of plea hearing was held. At that time, Bible pled guilty to the six crimes charged in the superseding indictment and, in exchange, the prosecution dismissed the forfeiture specification contained in Count 6. The parties also agreed to jointly recommend an indefinite sentence of a minimum term of four years in prison, up to a potential maximum term of six years, to be imposed on one of the second-degree felonies, with the sentences on all other counts to run concurrently with the recommended indefinite sentence. After engaging in the required Crim.R. 11(C) colloquy with Bible, and further advising him that the court was not bound by the agreed-upon sentencing recommendation, the trial court accepted the guilty pleas and ordered a presentence investigation. During that change of plea hearing, the trial court also instructed defense counsel that, should the defense intend to seek a waiver of the applicable mandatory fines at sentencing, any affidavit of indigency in support of such a request should be provided to the court prior to the sentencing hearing.

{¶7} On October 8, 2024, a sentencing hearing was held and Bible was sentenced as follows:  Count 1 – 36 months in prison; Count 2 – 36 months in prison; Count 3 – 36 months in prison; Count 4 – 36 months in prison; Count 5 – an indefinite mandatory prison term of 6 to 9 years; and Count 6 – 6 years in prison.  The trial court ordered that the sentences imposed on Counts 1, 2, 3, 4, and 6 be served concurrently with the sentence imposed on Count 5.  As no motion had been made by defense counsel to waive the applicable mandatory fines on the basis that Bible was indigent, the trial court also ordered that Bible pay a mandatory fine of $5,000.00 on each of Counts 1, 2, 3, and 4, and that he pay a mandatory fine of $7,500.00 on each of Counts 5 and 6, for a total of $35,000.00 in mandatory fines.

{¶8} At the close of the sentencing hearing, after the trial court had imposed sentence on all six counts, including the mandatory fines, defense counsel raised the issue of mandatory fines for the first time, stating:

> The other – the other point, Your Honor, (indiscernible) some money (indiscernible) forms.  Unfortunately he was still at the jail and so if the Court would allow me to go (indiscernible) once again today and complete that motion and get it to you at the close of this hearing?

(10/8/24 Tr., 11).  In response to that, the trial court informed defense counsel that the court did not know if waiver of the fines could be requested after the sentencing hearing, but the court encouraged counsel to research it, file a motion, and provide the court with legal authority indicating the court could change the order. (10/8/24

Tr., 12). However, once again, no affidavit of indigency or related motion to waive the mandatory fines was ever filed by Bible's attorney.

{¶9} On October 10, 2024, Bible filed the instant appeal, in which he raises two assignments of error for our review.

**First Assignment of Error**

**Bible's right to effective counsel was violated by his defense attorney's failure to make a timely motion to waive mandatory fines.**

**Second Assignment of Error**

**The trial court erred by failing to provide defense counsel with the opportunity to allocute as required by Crim.R. 32.**

*First Assignment of Error*

{¶10} In the first assignment of error, Bible argues that he was denied the effective assistance of counsel at sentencing. Specifically, Bible asserts that his counsel was ineffective in failing to file an affidavit of indigency on Bible's behalf relating to the mandatory drug fines that were imposed.

{¶11} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prevail on an ineffective assistance of counsel claim, a defendant must establish that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio

St.3d 136, paragraph two of the syllabus (1989). Prejudice exists if there is "a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 2016-Ohio-8025, ¶ 138.

As to mandatory drug fines, R.C. 2929.18(B)(1) provides, in pertinent part:

> For a first, second, or third degree felony violation of any provision of Chapter 2925 * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

**{¶12}** "The failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found the defendant indigent and relieved the defendant of the obligation to pay the fine had the affidavit been filed." *State v. Elrod*, 2016-Ohio 987, ¶ 8 (3d Dist.), citing *State v. Harrison*, 2015-Ohio-1419, ¶ 92 (3d Dist.). In analyzing this issue, an appellate court should consider "'factors such as age, criminal record, employment history, ability to post bond, ability to retain counsel for trial, and the untimely affidavit of indigency.'" *Elrod*, at ¶ 8, quoting *State v. Howard*, 2007-Ohio-3582, ¶ 16 (2d Dist.).

**{¶13}** In the instant appeal, Bible argues that trial counsel's failure to file an affidavit of indigency amounts to deficient performance on counsel's part and,

further, that there was a reasonable probability that Bradley would have been found indigent had counsel filed the appropriate paperwork and sought waiver of the mandatory fines. Following our own review of the record in its entirety, we find that Bible's ineffective assistance of counsel claim has merit.

{¶14} The record reflects that Bible was 52 years of age at the time of sentencing, and is a high school graduate who can read and write the English language.

{¶15} On September 11, 2023, a financial affidavit was filed in Bellefontaine Municipal Court, relating to Bible having initially been charged in that court on a felony complaint involving one of the crimes at issue in this case. In that affidavit, Bible averred that his gross monthly employment income at Bellray Inc. was $5500.00 at that time and that his monthly expenses for necessities and repayment of debt amounted to $3700.00. Furthermore, no assets were reported.

{¶16} Following the original indictment being returned in this case on November 14, 2023, Bible was arraigned on November 17, 2023, and was found by the trial court to be indigent at that time for purposes of appointing counsel. An updated financial affidavit had been filed on that same date, reflecting that Bible had no income and no assets.

{¶17} On April 24, 2024, a notice of substitution of counsel was filed, and Bible's original court-appointed attorney was replaced at that time by retained

counsel. However, the record does not reflect who retained counsel on Bible's behalf, what counsel's fee may have been, or whether counsel was ever paid.

{¶18} The record does reflect that Bible twice made bail after having his bond revoked during the pendency of this case. However, the paperwork filed on those occasions reflects that the bond was a surety bond and, further, that a person other than Bible signed the bond as the guarantor.

{¶19} As noted above, Bible entered his negotiated pleas of guilty on September 6, 2024, at which time the trial court ordered a presentence investigation. The presentence investigation was completed as ordered and is a part of the record before this Court on appeal. The presentence investigation reflects that, prior to being incarcerated while sentencing was pending in this case, Bible lived with his mother in a home located in Bellefontaine. Bible reported that he was in good physical health. Bible reported that, prior to being incarcerated, he had usually maintained employment in construction-type jobs, and is a member of the Laborer's Union #1410 in Dayton, Ohio.

{¶20} On October 10, 2024, Bible's notice of appeal was filed, which contained a request for appointed counsel and waiver of costs in the appeal, due to Bible being indigent. A financial affidavit was also filed at that time, reflecting that Bible had no income and no assets.

{¶21} On October 14, 2024, the trial court filed a judgment entry appointing counsel for purposes of appeal. October 21, 2024, the trial court filed an entry finding Bible to be indigent for purposes of waiving the $220.00 cost of having transcripts prepared for this appeal.

{¶22} The fact that trial counsel belatedly sought leave to file a financial affidavit on Bible's behalf also indicates to this Court that counsel believed there to have been some merit to a defense request that the mandatory fines be waived.

{¶23} In sum, considering the totality of Bible's circumstances and financial situation at the time of sentencing, particularly his lack of employment and assets, and further taking into account the impact that a minimum of six years' mandatory incarceration will have on Bible's future ability to pay thousands of dollars in mandatory fines, we find there to be a reasonable probability that Bible would have been found indigent at sentencing had counsel filed an affidavit of indigency.

{¶24} We therefore sustain Bible's first assignment of error.

*Second Assignment of Error*

{¶25} In the second assignment of error, Bible asserts that the trial court erred at the sentencing hearing when Bible's counsel was not provided with an adequate opportunity to speak on Bible's behalf, as required by Crim.R. 32.

{¶26} However, our resolution of the first assignment of error renders the second assignment of error moot and we decline to address it. See App.R. 12(A)(1)(c).

*Conclusion*

{¶27} Having found error prejudicial to the defendant-appellant in the first assignment of error raised herein, we reverse the October 8, 2024 judgment of the Logan County Court of Common Pleas, and remand the matter for resentencing.

***Judgment Reversed, and
Cause Remanded.***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

Case No. 8-24-45

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the first assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

John R. Willamowski, Judge

William R. Zimmerman, Judge

DATED:
/jlm