[Cite as *State v. Murray*, 2025-Ohio-5637.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,        :

                        No. 115076

    v.                          :

SHAWN MURRAY,                              :

    Defendant-Appellant.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 18, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-685231-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Lindsay L. Patton, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell-Sacks, Assistant Public Defender, *for appellant*.

---

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Shawn Murray ("Murray") appeals his sentence and claims the following errors:

1. The trial court erred when it refused to waive Mr. Murray's drug fine based on the erroneous finding that there was no evidence to support his claim of indigence (Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1, Sections 9 and 16 of the Ohio Constitution.)

2. Mr. Murray received ineffective assistance of counsel when his counsel did not file an affidavit of indigency in order to request the waiver of the mandatory fine and/or ask for time to file an affidavit in light of the sudden plea and immediate sentencing. (Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, Sections 10 and 16 of the Ohio Constitution.)

{¶ 2} We find no abuse of discretion in the trial court's decision not to waive Murray's mandatory fine because there is no evidence to support a finding that he is unable to pay it. Accordingly, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In Cuyahoga C.P. No. CR-23-685231, Murray was charged with three counts of drug trafficking, three counts of drug possession, one count of illegal manufacturing of a controlled substance, one count of having weapons while under disability, one count of carrying a concealed weapon, one count of improperly handling firearms in a motor vehicle, one count of possession of a dangerous ordinance, one count of possession of criminal tools, and one count of obstructing official business.

{¶ 4} The case proceeded to a jury trial. However, on the second day of trial, Murray pleaded guilty to two counts of drug trafficking, one count of having weapons while under disability, and one count of obstructing official business. The drug-trafficking charge alleged in Count 1 of the indictment was a first-degree felony

that included a nine-year firearm specification and a mandatory $10,000 fine. As part of the plea agreement, Murray also forfeited $9,070 in cash.

{¶ 5} After accepting Murray's guilty pleas, the court sentenced Murray to an agreed 13-year minimum prison term and the mandatory $10,000 fine. Murray's trial counsel orally requested a waiver of the fine on grounds that Murray was indigent. The trial court denied the request, explaining that Murray was 24 years old, and he could work off the fine while he is incarcerated. Murray now appeals the trial court's judgment.

## II. Law and Analysis

### A. Mandatory Fine

{¶ 6} In the first assignment of error, Murray argues the trial court erred when it refused to waive his mandatory drug fine. He contends the court erroneously found there was no evidence to support his claim of indigence.

{¶ 7} We review a trial court's decision on whether to waive a mandatory fine for an abuse of discretion. *State v. Brown*, 2023-Ohio-2174, ¶ 15 (8th Dist.), citing *State v. Gipson*, 80 Ohio St.3d 626 (1998). An abuse of discretion occurs when the trial court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 8} However, "a trial 'court does not have discretion to misapply the law.'" *Morgan v. Greater Cleveland Regional Transit Auth.*, 2025-Ohio-1655, ¶ 64 (8th Dist.), quoting *Johnson* at ¶ 38. "Thus, an abuse of discretion also occurs when a court "'applies the wrong legal standard, misapplies the correct legal standard, or

relies on clearly erroneous findings of fact."'" *Id.*, quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.), quoting *Berger v. Mayfield Hts.*, 265 F.3d 399 (6th Cir. 2001).

{¶ 9} Murray pleaded guilty to drug trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony that includes a mandatory fine pursuant to R.C. 2925.03(D). R.C. 2925.03(D)(1) provides, in relevant part:

> If the violation of division (A) of this section is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent. . . .

R.C. 2929.18(B)(1) states, in relevant part:

> (B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925, 3719, or 4729 of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section.

{¶ 10} The fine for first-degree felony drug trafficking is $20,000. R.C. 2929.18(A)(3)(a). The trial court imposed a $10,000 fine, which represents the mandatory one-half of the $20,000 fine set forth in the statute. However, R.C. 2929.18(B)(1) further provides:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine . . . the court shall not impose the mandatory fine upon the offender.

{¶ 11} In *State v. Debose*, 2022-Ohio-837, ¶ 31 (8th Dist.), we held that a trial court must impose the mandatory fine set forth in R.C. 2929.18(B)(1) unless (1) the defendant files an affidavit prior to sentencing asserting that he is indigent and unable to pay the mandatory fine, and (2) the trial court determines that the defendant is indigent and unable to pay the mandatory fine. *State v. Karr*, 2024-Ohio-4895, ¶ 51 (8th Dist.), citing *Debose* at ¶ 31.

{¶ 12} In *Gipson*, 80 Ohio St.3d at 634, the Ohio Supreme Court held that "an offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is *not* automatically entitled to a waiver of that fine." (Emphasis in original.) The Court explained: "[W]e do not believe that former R.C. 2925[.]11(E)(5) was intended to preclude a trial court from imposing fines on able-bodied defendants who are fully capable of work but who happen to be indigent and unemployed at the moment of sentencing." *Id.* at 636. Thus, in deciding whether to waive a mandatory fine, a trial court must consider "'the offender's present and future ability to pay the fine.'" *Karr* at ¶ 52, quoting *State v. Cruz*, 2018-Ohio-2052, ¶ 26 (8th Dist.), citing R.C. 2929.19(B)(5).

{¶ 13} Moreover, the trial court need not make an "affirmative finding that the offender is able to pay a mandatory fine." *Gipson* at 635. The defendant bears the burden of demonstrating that he or she is both indigent and *unable to pay* the mandatory fine. *Id.*

{¶ 14} Although the statute requires the court to consider the defendant's present and future ability to pay the fine, "there are no express factors that must be

taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Hampton*, 2016-Ohio-5419, ¶ 7 (8th Dist.), citing *State v. Martin*, 140 Ohio App.3d 326, 338 (4th Dist. 2000).

{¶ 15} Nevertheless, in determining a defendant's ability to pay a fine, courts have considered factors such as the defendant's age, the defendant's health, the defendant's employment history and potential, the defendant's education, the defendant's ability to post a bond, the defendant's ability to retain counsel, the length of the defendant's prison term, the defendant's sources of income, and the amount of the fine. *See, e.g.*, *State v. Bible*, 2025-Ohio-2106, ¶ 12 (3d Dist.); *State v. Lykins*, 2017-Ohio-9390, ¶ 13 (4th Dist.).

{¶ 16} In considering Murray's ability to pay the $10,000 fine, the court observed:

> I've had defendants — I mean, here's the thing is that he had $9,000 in cash. So essentially, everybody's indigent because they're going to prison, and so if I take that as the baseline then there's no need for a mandatory 50 percent drug fine. The defendant has a lifetime for which he can pay that off. My — there's many, many programs that he can do while in the prison to pay off that drug fine over, you know, 13 years here, with his jail time credit it's even less than that, and my goal for him is that he is 24 years old, that he takes up the programs in the prison, and then comes out as a more productive person in our community understanding that dealing drugs is going to lead him exactly where he's at right now and get a job and pay back his debt to society. So at this point, and I think you were retained so there is no finding of indigency other than the fact that he's going to prison.

(Tr. 150-151.)

{¶ 17} Murray, who was represented by retained counsel, never filed an affidavit of indigency, and defense counsel did not present any evidence or argument

at the sentencing hearing to explain how Murray was unable to pay the fine other than to argue that he was going to be incarcerated. The court could see that he was a young 24-year old man, who appeared physically capable of working both in prison and after his release. The record further reflects that Murray was not taking any medications, and there was no evidence in the record that he suffered from any health conditions. (Tr. 68.) Thus, there is nothing in the record to contradict the trial court's finding that Murray was able to pay his mandatory fine.

{¶ 18} Murray nevertheless argues that his indigency was established by the fact that he was assigned counsel in an unrelated case. However, "courts have consistently distinguished between a court's determination that an offender is indigent for purposes of receiving court-appointed counsel and for purposes of his or her ability to pay a fine." *State v. Cotto*, 2019-Ohio-985, ¶ 9 (8th Dist.), citing *State v. Johnson*, 107 Ohio App.3d 723, 728 (8th Dist. 1995). "[T]he ability to pay a fine over time is not equivalent to the ability to pay legal counsel a retainer fee at the onset of criminal proceedings." *State v. Davenport*, 2017-Ohio-688, ¶ 33-35 (2d Dist.). Moreover,

> a trial court's determination whether an offender is indigent and is unable to pay a mandatory fine can (and should) encompass future ability to pay. If the General Assembly had intended otherwise, the statutes would have been written to permit a waiver of the mandatory fines based solely on a defendant's present state of indigency, and would not have also required trial courts to consider the additional question whether the offender is "unable to pay."

*Gipson*, 80 Ohio St.3d at 636.

{¶ 19} The trial court determined that Murray was able to pay his mandatory fine regardless of whether he was indigent at the time of the sentencing, and there is no evidence in the record to contradict the trial court's finding. Therefore, the trial court's refusal to waive the fine was not an abuse of discretion.

{¶ 20} The first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 21} In the second assignment of error, Murray argues that he received ineffective assistance of counsel because his trial counsel failed to file an affidavit of indigency in order to request a waiver of the mandatory fine.

{¶ 22} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 23} Trial counsel's failure to file an affidavit of indigency alleging that a defendant is unable to pay a mandatory fine "only constitutes ineffective assistance 'when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed.'" *State v. King*, 2019-Ohio-1244, ¶ 12 (8th Dist.), quoting *State v. Cruz*, 2018-Ohio-2052, ¶ 25 (8th Dist.).

{¶ 24} Murray argues the trial court was aware from prior proceedings that he previously received social security benefits because of a learning disability. (Tr. 55-56.) He also cites the trial court's observation that he was having "an emotional response" during the proceedings and that he suffered from PTSD. (Tr. 54.) Murray argues that had his trial counsel filed an affidavit outlining the reasons he is unable to pay his fine, the court would have granted a waiver.

{¶ 25} However, the court noted that although Murray was having an "emotional response" at sentencing, he did not have any mental-health issues. Again, Murray was not taking any medications. (Tr. 68.) Although his family mentioned PTSD and anxiety, there is no evidence that he was actually diagnosed with these conditions or that these conditions would prevent Murray from working. Murray was emotional during the sentencing hearing because he was facing a substantial amount of prison time, and he was afraid his grandfather would pass away while he is in prison. (Tr. 56.) There is no evidence that a learning disability would prevent Murray from performing physical work. Indeed, his learning disability did not prevent him from moving a large amount of drugs for sale. Therefore, even if Murray's trial counsel had filed an affidavit of indigency in support of the motion to waive the mandatory fee, the outcome would not have been different.

{¶ 26} The second assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR